J. D. GAMBRELL *v.* SOUTHERN MOLINE PLOW COMPANY.

[60 South. 1012.]

ATTORNEY AND CLIENT. *Agreements of counsel. Authority.*

An agreement made by counsel of a bankrupt with a creditor that certain goods sold by the creditor to the bankrupt before bankruptcy should not be listed among the bankrupt's assets, but be retained by him and paid for after his discharge, is not binding on the bankrupt where he neither authorized, ratified, nor received any benefit from such agreement.

APPEAL from the Circuit Court of Smith county.
HON. R. C. RUSSELL, Special Judge.
Suit by Southern Moline Plow Company against J. D. Gambrell. From a judgment for plaintiff, defendant appeals.

Appellee was plaintiff in the court below, and appellant was defendant. This action was begun by the appellee against appellant for certain merchandise sold and delivered to defendant, who had taken bankruptcy after the purchase of the merchandise, and who had been discharged before the institution of this suit. The plaintiff claimed that there was an agreement between its attorneys and the attorneys for defendant that defendant should keep the goods and pay for them, and the claim proved in the bankrupt court should be reduced by the value of these goods. The defendant denied that he had authorized his attorney to make any such agree-

ment, and that he had never ratified it, and that if such agreement was made it was made without his authority, and was therefore not binding upon him. Under this state of facts, the trial court gave a peremptory instruction to find for plaintiff, and defendant appeals.

*Wills & Guthrie,* attorneys for appellant.

Defendant's demurrer should have been sustained because the demurrer sets out that the declaration failed to show the above allegations in that the demurrer points out that the declaration did not sufficiently set up the promise, and because the declaration failed to set out the exact words of the defendant in the new promise alleged to have been made. The rule of law is that in pleading a new promise that the precise time of the new promise should be pleaded, and the words of the new promise should be pleaded *in haec verbis,* or in substance. 2 Remington on Bankruptcy, sec. 2728; *Thornton* v. *Nichols & Lemon,* 11 A. B. R. (Ga.) 304.

The declaration in this case does not pretend to set out the language of the new promise, nor the substance of the agreement made by the attorneys for the parties litigant, and does not show that the attorneys for the defendant had any special authority to make such a compromise whereby an attempt to bind the defendant was made.

In 28 Miss. 702, *David La Tourlette* v. *Price,* the court said: "There can be no doubt but that there is at least as great strictness required, in order to create a liability by a new promise made to pay a debt discharged in bankruptcy as is necessary in the case of a new promise to pay a debt barred by the statute of limitations; the promise must be at least as clear and unqualified in the former case as in the latter."

And in *McWillie* v. *Kirkpatrick,* 28 Miss. 802: "The law will give effect not only to a new contract founded on a debt contracted before the bankruptcy, but also to

an expression and distinct promise to pay such debt."
For other authorities in point see, 84 Minn. 343; 4 Cyc.
943 and 945; 10 Smedes & Marshall, 333; 11 Smedes &
Marshall, 249; 56 Miss. 83; 3 Am. & Eng. Ency. Law
(2 Ed.), 358; 61 Miss. 134; 62 Miss. 186.

On the authorities cited above we think that the dec-
laration failed to sufficiently state a new promise, and
therefore the demurrer to the declaration should have
been sustained by the lower court.

SMITH, C. J., delivered the opinion of the court.

If the evidence introduced on behalf of appellant in
the court below be true, he neither authorized, ratified,
nor received any benefit from the agreement entered into
by his attorneys in the bankruptcy proceeding with the
attorneys representing appellee, upon which agreement
this suit is predicated.

The court therefore erred in granting the peremptory
instruction requested by appellee, and its judgment is
reversed, and cause remanded.

*Reversed and remanded.*